UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RASHEEN DAVIS,

                       Plaintiff,                 10 Civ. 2236 (PAE)

        -v-                              OPINION & ORDER

NEW YORK STATE DEPARTMENT OF
CORRECTIONS et al.,

                       Defendants.

------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      Defendants move to dismiss the Amended Complaint of plaintiff Rasheen Davis, a prisoner who is proceeding *pro se*, which brings claims under 42 U.S.C. § 1983 for failure to protect and retaliation in violation of his rights under the First Amendment. The Court assumes familiarity with the facts and procedural history of this case, which can be found in the May 2, 2012 Report and Recommendation of Magistrate Judge Henry B. Pitman (the "Report").

      Davis filed his Amended Complaint on September 14, 2011 (Dkt. 43). On January 12, 2012, defendants filed a timely motion to dismiss (Dkt. 47), which Davis opposed on January 24, 2012 (Dkt. 50). On May 5, 2012, Judge Pitman issued a Report, recommending that defendants' motion to dismiss be denied (Dkt. 55). Defendants failed to file timely objections to the Report.

      A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge." 28 U.S.C. § 636(b)(1). Courts review *de novo* those parts of a report and recommendation to which objections are made, and reviews the remainder for clear error on the face of the record. *See* 28 U.S.C. § 636(b)(1); *Well Fargo Bank, N.A. v. ESM Fund I, LP*, No. 10-cv-7332, 2012 WL 3023985, at *1 (July 24, 2012).

Defendants have proffered no objections to the Report,[1] so a review for clear error is appropriate. Even on a *de novo* review, however, Judge Pitman's recommendations are plainly accurate and appropriate. The Court has carefully reviewed the Amended Complaint, defendants' papers in support of dismissal, Davis's papers in opposition, and the Report itself. Although the Court likewise finds Davis's narrative convoluted, the Amended Complaint does provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This result is all the more appropriate given Davis's *pro se* status, which necessitates that the Court construe liberally his Complaint and any subsequent pleadings, and "interpret them to raise the strongest arguments that they suggest." *Cold Stone Creamery, Inc. v. Gorman*, 361 F. App'x 282, 286 (2d Cir. 2010) (summ. order) (internal quotation marks omitted).

Accordingly, and for the reasons stated above, the Court adopts the Report in full, and it is ordered that defendants' motion to dismiss is DENIED. The case is referred back to Magistrate Judge Pitman for further proceedings.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 27, 2012
       New York, New York

---

[1] On May 25, 2012, Davis submitted objections to the Report. These objections, however, are seemingly responsive to defendants' arguments in support of their motion to dismiss, rather than to Judge Pitman's Report. In his objections, Davis states that the "motion to dismiss should be denied based upon all the facts," which is precisely the recommendation of Judge Pitman.